IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mario Reyes (#B-72153), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 0330 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| | ) | |
| Sergeant Hiessen, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

  Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. If Plaintiff wishes to pursue this litigation, by March 16, 2018, Plaintiff must either (a) submit a completed *in forma pauperis* application that is certified by an appropriate institutional official and includes a certified copy of his trust fund activity for the six months preceding Plaintiff's submission of his complaint (approximately July 16, 2017, through January 16, 2018), or (b) pre-pay the full $400.00 statutory filing fee. Failure to do one of the foregoing by that date will result in summary dismissal of this case. The Clerk is directed to send a copy of this order to Plaintiff, along with an *in forma pauperis* application form. The Court defers screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and the resolution of all other motions pending resolution of Plaintiff's fee status.

**STATEMENT**

  Plaintiff Mario Reyes, a state prisoner in custody at Western Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to a substantial risk of serious harm and retaliation against employees of the Cook County Department of Corrections while he was housed there. Before the Court is Plaintiff's application for leave to proceed *in forma pauperis*.

  Plaintiff seeks leave to proceed without prepayment of the filing fee, *i.e.*, leave to proceed *in forma pauperis*. However, his application is incomplete and is denied without prejudice. The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner is not able to prepay the fee, he or she may seek leave to proceed *in forma pauperis* to pay the fee over time through monthly trust fund account deductions. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court uses the information within the trust fund account statement to calculate and assess "an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account." 28 U.S.C. § 1915(b)(1). After payment of that fee, the prisoner must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," which is forwarded by the agency having custody of the prisoner each time the account balance exceeds $10. 28 U.S.C. § 1915(b)(2).

Here, Plaintiff's application does not provide income information for the relevant time and is therefore insufficient. Plaintiff signed the application on June 10, 2017, and apparently had it certified by a jail official on June 14, 2017, more than six months before he signed the complaint, and nearly seven months before it was received by the Court. (Dkt. 3, pg. 4.) The application is therefore stale by several months, lacking up-to-date income or account information. Even if the application were current, it also lacks the required trust fund account statement for the six months immediately preceding Plaintiff's submission of the complaint—from approximately July 16, 2017, through January 16, 2018. Without detailed trust fund account information showing deposits to Plaintiff's account for the entire six months immediately preceding the filing of this lawsuit, the Court cannot calculate the initial partial filing fee as required by the PLRA.

If, after considering the provisions of the PLRA, Plaintiff still seeks to proceed with this lawsuit without prepayment of the entire $400 statutory filing fee, he must submit a renewed signed and completed application for leave to proceed *in forma pauperis* using the Court's form. Along with the application, Plaintiff must provide complete trust fund account information for the six months immediately preceding the submission of this lawsuit (approximately July 16, 2017, through January 16, 2018) that is certified in the appropriate place by an appropriate prison official (or officials, if Plaintiff was housed in more than one location in that time period). Alternatively, Plaintiff may pay the full statutory filing fee of $400.00.

The Clerk is directed to send Plaintiff a blank application to proceed *in forma pauperis* and a copy of this order. Plaintiff is warned that he must fill out the form completely and accurately and sign it under penalty of perjury. If Plaintiff does not pay the full filing fee or file a properly supported renewed application for leave to proceed *in forma pauperis* by the date specified above, the Court will summarily dismiss this case.

**Date: February 15, 2018**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**AMY J. ST. EVE**
**United States District Court Judge**

2